UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| LAMB PUBLICATIONS LLC, et al., | |
| Plaintiffs, | |
| v. | CASE NO. 3:19-CV-00686-RLM-MGG |
| OREGON CATHOLIC PRESS, | |
| Defendants. | |

**OPINION AND ORDER**

The parties in this antitrust controversy disagree on which information should be protected from public disclosure, both during and after this litigation, through a protective order under Fed. R. Civ. P. 26(c). Specifically, they disagree on how to define legitimate protected material, be it confidential or for attorneys' eyes only ("AEO"), and on the retention of documents following the litigation. As a result, they filed competing motions proposing different versions of a protective order for the Court's consideration. Plaintiffs filed their Motion for a Protective Order on January 11, 2021. Defendant filed its Cross-Motion for Protective Order on January 25, 2021. By February 8, 2021, both motions were ripe, and Defendant had filed an amended version of its proposed order.

As discussed below, neither party's proposed protective order meets the Seventh Circuit's standards for protective orders. Additionally, Defendant has not demonstrated that the return or destruction of discovery materials that do not constitute work product or were not filed during the course of litigation would present an undue burden or expense worthy of exception under Fed. R. Civ. P. 26(c)(1).

**I.  APPLICABLE STANDARD**

When granting a proposed protective order, this Court must independently determine whether "good cause" exists to seal the requested information from the public record. Fed. R. Civ. P. 26(c); *Citizens First Nat'l Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 944 (7th Cir. 1999). In doing so, this Court must not grant parties *carte blanche* to seal or protect whatever they desire. *Citizens,* 178 F.3d at 944; *see also Pierson v. Indianapolis Power & Light Co.*, 205 F.R.D. 646, 647 (S.D. Ind. 2002) ("Independent and careful evaluations of protective orders are especially important because '[t]he judge is the primary representative of the public interest in the judicial process . . . .'") (quoting *Citizens,* 178 F.3d at 945). In other words, this Court must not "rubber stamp" parties' requests to seal public records, but it must review all requests to seal documents in light of the public interest in the judicial process. *Citizens,* 178 F.3d at 945 (citing *Matter of Krynicki,* 983 F.2d 74 (7th Cir. 1992)).

The court's evaluation of proposed protective orders need not be made on a document-by-document basis. *Citizens,* 178 F.3d at 946 ("In a case with thousands of documents, such a requirement might impose an excessive burden on the district judge or magistrate judge."). However, the protective order must include terms that assure the Court that the parties know what information will be sealed, "whether and under what circumstances it may be sealed, or whether the parties will be making good faith and accurate designations of information." *Pierson,* 205 F.R.D. at 647. Therefore, before granting a protective order, the Court must ensure that "(1) the information sought to be protected falls within a legitimate category of confidential information, (2) the

information or category sought to be protected is properly described or demarcated, (3) the parties know the defining elements of the applicable category of confidentiality and will act in good faith in deciding which information qualifies thereunder, and (4) the protective order explicitly allows any party and any interested member of the public to challenge the sealing of particular documents." *Id.* (citing *Citizens,* 178 F.3d at 946).

II. ANALYSIS

    A. **Protected Material: Confidential Information**

Neither party's proposed protective order describes or demarcates the parameters of confidential information properly under the second *Pierson* requirement.

    1. **Plaintiffs' Motion**

In their Motion and proposed protective order, Plaintiffs demonstrate some understanding of the *Pierson* requirements for protective orders as they delineate seven categories of "Confidential Information." [DE 48 at 6]. Despite this understanding, the proposed order includes the following insufficient category: "(c) research, technical, commercial, or financial information that the party has maintained as confidential." *Id.* This description reflects the language of Fed. R. Civ. P. 26(c)(1)(G) and is therefore worthy of consideration for protection. However, the use of general terms and qualifiers fails to instill confidence in the Court that parties will know how to properly designate protected information. *See Pierson*, 205 F.R.D. at 647. Discrete closed categories of information must be explicitly delineated to satisfy the Seventh Circuit's requirements for protective orders. Plaintiffs have not established good cause to justify protection of information described in category (c) of their confidential information definition.

**2.     Defendant's Cross Motion**

Defendant's proposed protective order similarly fails to define confidential information with sufficient specificity, opting instead for overbroad catchall language. In defining "Confidential Information," Defendant starts with a general paragraph that tracks the language of Fed. R. Civ. P. 26(c)(1)(G). [DE 50 at 5; DE 56 at 14]. Defendant presumably recognized that this general description did not satisfy the specificity requirements set forth in *Citizens* and *Pierson* as it then proceeded to identify five examples of protected information that they expected to be produced in the course of this litigation. [DE 50 at 5–6; DE 56 at 14–15]. Defendant defined two of the sample categories as follows:

1.     Any financial information and/or other confidential business information of the designating party that is not generally available to the public through prior publication or other lawful means;

2.     Any contractual and/or licensing agreements, and the terms of any contractual and/or licensing agreements, between the designating party and any third party, which are not generally available to the public through prior publication or other lawful means; . . . .

[DE 50 at 5; DE 56 at 14]. Defendant maintains that this information can be designated as confidential "provided [that] the information was maintained as confidential and the party has a legitimate interest in maintaining its confidentiality." *Id.* While not objectionable generally, the catchall nature of these two examples—and their reliance on the general qualifier "any"—fails to assure the Court that the parties would be able to accurately designate protected information within these two categories. *See Pierson*, 205 F.R.D. at 647.

Two other examples presented in Defendant's proposed protective order are also overbroad. Categories 3 and 4 are defined as follows:

> 3. Documents containing information the disclosure of which would violate the terms of any protective orders, violate the terms of any agreements entered into with third parties, or violate the intellectual property, contractual, privacy, or other rights of third parties;
>
> 4. Documents containing information the disclosure of which would compromise the intellectual property, contractual, or privacy rights of the designating party; . . . .

[DE 50 at 5–6; DE 56 at 14–15]. Once again, Defendant relies on the general qualifier "any" and fails to offer sufficient specificity as to what could violate intellectual property, contractual, or privacy rights of parties or non-parties.

Only Category 5, seeking protection of "[i]ndividually identifiable personnel information of any employee of the designating party . . . ." as specified, is sufficiently specific to meet the Seventh Circuit's standard for protective orders. Thus, neither party's definition of "confidential information" establishes good cause for protection from public disclosure as required by *Citizens*.

### B. Protected Material: "Attorneys' Eyes Only" Information

Neither the Motion nor the Cross Motion shows an adequate understanding of the defining elements of AEO information, thus falling short of the third prong outlined in *Pierson*.

#### 1. Plaintiffs' Motion

Plaintiffs' proposed protective order does not clearly differentiate confidential information from AEO information. The proposed protective order designates only one

type of information as AEO: "information that reveals trade secrets." [DE 48 at 7]. This Court has rejected, as insufficiently specific, a proposed protective order seeking to protect "'Trade Secrets' as defined in Indiana Code § 24-2-3-2 and Indiana case law." *Directory Concepts, Inc. v. Fox*, No. 1:08-CV-225, 2008 WL 5263386, at *3 (N.D. Ind. Dec. 16, 2008). Thus, Plaintiffs' general description of trade secrets is arguably suspect on its own. However, even if the Court was assured that the parties could independently ascertain what constitutes a "trade secret" based on the applicable statute and case law, Plaintiffs' proposed protective order presents a separate problem. It designates "information that reveals trade secrets" as both confidential *and* AEO without any indication of what distinguishes the scope of one category from the other. [*Compare* DE 48 at 6, ¶ II.A(b), *with* DE 48 at 7, ¶ II.B]. Without such distinction, Plaintiffs' proposed protective order fails to assure the Court that the parties will know how, when, and what to designate as deserving of the greater protection afforded by AEO designation. *See Pierson*, 205 F.R.D. at 647.

    **2.**    **Defendant's Motion**

In its proposed protective order, Defendant provides a general description of AEO information and lists six categories of information to be designated as such. [*See* DE 56 at 15–16]. In the general description, Defendant acknowledges that use of an AEO designation should be infrequent and minimal while emphasizing its legitimate interest in protecting information "that, if improperly disclosed to another party in this litigation, could cause future business or financial harm to the Producing Party or a third party." [DE 56 at 15]. The six proposed categories of AEO information are

narrower. They reflect Defendant's concern that a competitor would have an unfair advantage if it had access to Defendant's customer information; pricing information; marketing, pricing, and/or business strategies; actual or projected financial information; terms of agreements with composers or lyricists; or the terms of intellectual property licensing agreements.

Defendant's business concerns, however legitimate, do not establish good cause to limit disclosure of these six categories of business information in this antitrust lawsuit to attorneys' eyes only. The information could be protected from public disclosure as "confidential information" with terms in a protective order that prevent misuse of the information beyond the scope of this litigation by the receiving party. *Cf. Cooper v. Rezutko*, No. 3:17-CV-834-PPS-MGG, 2018 WL 8786749, at *2 (N.D. Ind. Sept. 5, 2018) (approving the category of "confidential medical information . . . not generally available to the . . . public through prior publication or other lawful means" as confidential but not AEO information in a proposed protective order). Without other reasons, Defendant has not shown that good cause exists to designate these six categories as AEO information only. Moreover, the prejudice to any receiving party if prevented from viewing and evaluating this information for purposes of this lawsuit is considerable and cannot be ignored.

C. **Retention of Documents**

Lastly, the parties' proposed protective orders reflect their disagreement over their obligations at the conclusion of litigation. Plaintiffs' proposed protective order adopts the language provided in the Protective Order Template available on the

7

undersigned's website regarding the return or mutual destruction of confidential information not entered into evidence or not filed with restriction as to disclosure. [*Compare* DE 48 at 16, ¶ X.B, *with* Protective Order Template at https://www.innd.uscourts.gov/judges-info/MGG]. Defendant proposes that outside counsel of record "may retain Confidential or Attorneys' Eyes Only Information in counsel's possession, custody, or control." [DE 56 at 27]. In support, Defendant asserts that locating and sorting confidential information in its computer systems would be expensive and time-consuming. [DE 52 at 14].

Presumably, the cost and time associated with this activity amount to a burden so great that, subject to Fed. R. Civ. P. 26(c)(1), this Court should accept Defendant's retention proposal. Yet while Defendant describes the steps involved in finding, sorting, and destroying the relevant information, it does not provide any measurements that capture or quantify the expense or burden to be incurred. Thus, Defendant has not established that returning or destroying confidential and AEO information—a common practice in litigation and Plaintiffs' preferred approach to the handling of confidential materials post-litigation—represents an undue expense or burden worthy of special consideration in this protective order.

### III.  CONCLUSION

For the reasons outlined above, both proposed protective orders fail to properly demarcate the scope of protected information as required under Seventh Circuit precedent. Therefore, the Court **DENIES** the parties' competing motions for a protective order. [DE 48, DE 50]. The parties may file a joint motion for protective order

with a proposed protective order drafted in compliance with the guidance set forth in this Opinion and Order.   **SO ENTERED** this 23rd day of August 2021.

                                                  s/Michael. Gotsch, Sr.
                                                  Michael G. Gotsch, Sr.
                                                  United States Magistrate Judge